# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-00640 |
| RICKY L. SIMPSON, et al., | ) Judge Aleta A. Trauger |
| Defendants. | ) |

## ORDER DENYING REQUEST FOR ENTRY OF DEFAULT

Pending is Plaintiff's Request for Entry of Default against Defendants Ricky L. Simpson and Phat Boyz Bar & Grill, LLC pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 51). For the foregoing reasons, Plaintiff's Request is **DENIED** without prejudice.

Plaintiff filed its original complaint on July 22, 2020. (Doc. No. 1). Summonses were issued to all defendants on July 23, 2021. (Doc. No. 4). On March 11, 2021, Alias Summons was issued as to defendant "Ricky L. Simpson dba PHAT BOYZ BAR & GRILL, LLC dba Phat Boyz Bar & Grill and PHAT BOYZ BAR & Grill dba Phat Boyz Bar & Grill, 1398 Cranor Road, Murfreesboro, TN 37130." (Doc. No. 41). Alias Summons was also issued to "RICKY L. Simpson" at the same Murfreesboro address. *Id.* On May 6, 2021, Plaintiff returned the Summons along with a Proof of Service declaration executed by process server, Judy Denny. (Doc. No. 47). In the Proof of Service declaration, Denny declares that she "left the summons at the individual's residence or usual place of abode with William McDougal known as Bill, a person of suitable age and discretion who resides there on 4/24/2021, and mailed a copy to the individual's last known address." (Doc. No. 47 at PageID # 17). Denny further states in an attached Affidavit of Service, that:

1

> "On 4/24/21 at 10:30 am after attempting to serve Ricky L. Simpson since 3/12/2021, I returned to 1398 Cranor Rd, Murfreesboro, TN 37130 and asked for Ricky L. Simpson and was informed he was not there. I was met at the door by Ricky L. Simpson's fater-in-law (sic) "Bill" (William McDougal) who also lives at the address and proceeded to sub-serve the papers on him."

(Doc. No. 47 at PageID # 179). On July 12, 2021, Plaintiff filed the pending Request for Entry of Default. (Doc. No. 51).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. In support of the motion, Plaintiff submitted the declaration of Brian L. Yoakum. (Doc. No. 51-1). Yoakum states in his declaration that "service of process was had on the defendant on April 24, 2021," and that "the defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. *Id.*

**Ricky L. Simpson**

The Clerk finds that Plaintiff has met its burden to verify proof of service upon defendant Ricky L. Simpson pursuant to Local Rule 55.01(i). The Federal Rules of Civil Procedure authorize service of process upon an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Federal Rule of Civil Procedure 4(e)(2)(b).

Further, Plaintiff has met its obligations under Local Rule 55.01(ii). However, Plaintiff has failed to comply with the requirements of Local Rule 55.01(iii) and (iv), as Yoakum's declaration

is silent regarding the defendant's age, competency, or military status. Local Rule 55.01 also requires movants to append to supporting declarations, "[e]vidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service." L.R. 55.01. Plaintiff did not include this required evidence.

**Phat Boyz Bar & Grill, LLC**

Plaintiff's Request for Entry of Default also moves for entry of default against Simpson in his representative capacity as an "officer, director, shareholder, member and/or principal" of Phat Boyz Bar & Grill, LLC. (Doc. No. 51). By doing so, Plaintiff presumably seeks entry of default against Phat Boyz Bar & Grill, LLC. Although the Clerk finds that Plaintiff has verified service of process upon Simpson individually, the Clerk finds that Plaintiff has not yet established service against the limited liability company.

A limited liability company within this Judicial District may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive serve of process." Fed. R. Civ. P. 4(h)(1)(B). It may also be served in the manner prescribed by the Tennessee Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). When serving a limited liability company pursuant to Tennessee law, a plaintiff must deliver "a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

In this case, Plaintiff did not personally serve Simpson, who is identified in Tennessee Secretary of State Records as the registered agent for service of process for Phat Boyz Bar & Grill, LLC. Instead, Plaintiff served William McDougal, Simpson's father-in-law. Plaintiff has provided

3

Case 3:20-cv-00640  Document 52  Filed 08/20/21  Page 3 of 4 PageID #: 192

no information to establish that McDougal is an individual authorized to accept service of process on behalf of the limited liability company.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiff has not provided information sufficient to verify proof of service upon Phat Boyz Bar & Grill, LLC as required by Local Rule 55.01(i); therefore, entry of default as to the limited liability company is inappropriate at this time.

For the reasons stated herein, Plaintiff's Request for Entry of Default (Doc. No. 51) is **DENIED** without prejudice.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court