IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-00640 |
| RICKY L. SIMPSON, et al., | ) Judge Aleta A. Trauger |
| Defendants. | ) |

## ENTRY OF DEFAULT

Pending is Plaintiff's second Request for Entry of Default against Defendant Ricky L. Simpson pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 55). For the following reasons, Plaintiff's Request is **GRANTED**.

Plaintiff filed its original complaint on July 22, 2020. (Doc. No. 1). Summonses were issued to all defendants on July 23, 2021. (Doc. No. 4). On March 11, 2021, Alias Summons was issued as to defendant "Ricky L. Simpson dba PHAT BOYZ BAR & GRILL, LLC dba Phat Boyz Bar & Grill and PHAT BOYZ BAR & Grill dba Phat Boyz Bar & Grill, 1398 Cranor Road, Murfreesboro, TN 37130." (Doc. No. 41). Alias Summons was also issued to "RICKY L. Simpson" at the same Murfreesboro address. *Id.* On May 6, 2021, Plaintiff returned the Summons along with a Proof of Service declaration executed by process server, Judy Denny. (Doc. No. 47). In the Proof of Service declaration, Denny declares that she "left the summons at the individual's residence or usual place of abode with William McDougal known as Bill, a person of suitable age and discretion who resides there on 4/24/2021, and mailed a copy to the individual's last known address." (Doc. No. 47 at PageID # 17). Denny further states in an attached Affidavit of Service, that:

1

> "On 4/24/21 at 10:30 am after attempting to serve Ricky L. Simpson since 3/12/2021, I returned to 1398 Cranor Rd, Murfreesboro, TN 37130 and asked for Ricky L. Simpson and was informed he was not there. I was met at the door by Ricky L. Simpson's fater-in-law (sic) "Bill" (William McDougal) who also lives at the address and proceeded to sub-serve the papers on him."

(Doc. No. 47 at PageID # 179). On July 12, 2021, Plaintiff filed its first Request for Entry of Default. (Doc. No. 51). On August 20, 2021, Plaintiff's Request was denied for failure to comply with the requirements Local Rule 55.01(iii) and (iv). On September 7, 2021, Plaintiff filed the pending Request for Entry of Default. (Doc. No. 55).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. In support of the Motion, Plaintiff submitted the declaration of Brian L. Yoakum. (Doc. No. 55-1). Yoakum states in his declaration that "service of process was had on the defendant on April 24, 2021," and that "the defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. *Id.* Yoakum further declares that "Defendant Simpson is not an infant, incompetent person, or person in the military service." *Id.* Yoakum attaches to his declaration a Status Report from the Department of Defense Manpower Data Center confirming that Simpson is not an active member of the military. (Doc. No. 55-2).

The Clerk finds that Plaintiff has met its burden to verify proof of service upon defendant Ricky L. Simpson pursuant to Local Rule 55.01(i). The Federal Rules of Civil Procedure authorize service of process upon an individual by "leaving a copy of [the summons and complaint] at the

individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Federal Rule of Civil Procedure 4(e)(2)(b).  Further, Plaintiff has now met its obligations under Local Rule 55.01(ii-iv).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Accordingly, Plaintiff's second Request for Entry of Default (Doc. No. 55) is **GRANTED.**

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court