**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00640** |
| | ) | **Judge Aleta A. Trauger** |
| **RICKY L. SIMPSON, WILLIAM** | ) | |
| **BRENT SEABAUGH, individually, and** | ) | |
| **as officers, directors, shareholders,** | ) | |
| **members and/or principals of PHAT** | ) | |
| **BOYZ BAR & GRILL LLC d/b/a Phat** | ) | |
| **Boyz Bar & Grill, and PHAT BOYZ** | ) | |
| **BAR & GRILL LLC d/b/a Phat Boyz** | ) | |
| **Bar & Grill,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is defendant William Brent Seabaugh's Motion for Judgment on the

Pleadings. (Doc. No. 60.) For the reasons set forth herein, the motion will be denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

As relevant here, plaintiff Joe Hand Promotions, Inc. ("JHP") initiated this lawsuit on July

22, 2020 by filing a Complaint (Doc. No. 1) naming as defendants Phat Boyz Bar & Grill LLC

("PBBG"), which operates a business known as Phat Boyz Bar & Grill (the "Establishment") in

Murfreesboro, Tennessee, as well as Ricky Simpson and Seabaugh, both individually and in their

capacity as "officers, directors, shareholders, members and/or principals" of PBBG. The

Complaint sets forth two "counts" or claims for relief against all three defendants. Count One

asserts satellite and cable piracy, in violation of 47 U.S.C. §§ 605 and 553; Count Two asserts

copyright infringement in violation of 17 U.S.C. §§ 106 and 501. The claims are premised upon

the defendants' allegedly unauthorized screening of the *Floyd Mayweather, Jr. vs. Conor McGregor* boxing match at the Establishment on August 27, 2017. (*Id.* ¶ 5.) JHP asserts that it had an exclusive right to distribute and authorize the public performance of the Program under the Copyright Act.

In February 2021, upon defendant Seabaugh's motion, the court dismissed Count One of the Complaint as barred by the statute of limitations. (Doc. No. 35.)[1] In September 2021, pursuant to a Rule 41(a)(1)(i) stipulation filed by plaintiff's counsel, the court entered an order dismissing all claims against PBBG with prejudice. (Doc. No. 56.) Shortly thereafter, the Clerk entered default against defendant Simpson, whom the plaintiff had finally successfully served but who has never entered an appearance in this case. (Doc. No. 58.) The only remaining claim to be resolved, therefore, is the copyright infringement claim against defendant Seabaugh.

The pleadings having closed, Seabaugh filed his Motion for Judgment on the Pleadings and supporting Memorandum. (Doc. Nos. 60, 61.) The plaintiff opposes the motion (Doc. No. 64), and Seabaugh filed a Reply (Doc. No. 65).

## II.     STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard that applies to such a motion is the same as for Rule 12(b)(6) motions. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (internal quotation marks

---

[1] At the same time, the court dismissed defendant Seabaugh's Counterclaim for a declaratory judgment. (Doc. No. 35.)

and citation omitted). A motion for judgment on the pleadings will not be granted when material facts are disputed, but Rule 12(c) can be used to resolve purely legal questions on the pleadings. *Cf. id.* at 583 (analyzing contract provisions on review of a Rule 12(c) motion because the "proper interpretation of a contract is a question of law").

## III.    DISCUSSION

The rationale for Seabaugh's motion is as follows: (1) the only basis alleged in the Complaint for imposing liability for copyright infringement upon Seabaugh is through vicarious liability for direct copyright infringement by PBBG; (2) proof of vicarious infringement on the part of Seabaugh requires, as one of its elements, direct liability on the part of PBBG; (3) the plaintiff has stipulated to the dismissal with prejudice of all claims against PBBG, making PBBG the prevailing party as to that claim; (4) the plaintiff is now foreclosed from establishing PBBG's direct liability; and (5) it follows axiomatically that Seabaugh cannot be vicariously liable. (Doc. No. 61.)

The conclusion of the plaintiff's syllogism is valid only if all of the premises upon which it is founded are valid. They are not. The plaintiff's argument is grounded entirely on caselaw establishing that a dismissal with prejudice following a Rule 41 stipulation makes the dismissed party a "prevailing party" in a copyright infringement action, for purposes of making it eligible for an award of attorney's fees under 17 U.S.C. § 505. *See, e.g.*, *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). That legal premise is simply irrelevant to the issue presented here. Neither party, in fact, points to caselaw that might be relevant.

It is true that the plaintiff's voluntary dismissal with prejudice of the claims against PBBG has the same practical effect as a Rule 12(b)(6) dismissal on the merits—finality of the case and a *res judicata* bar to further litigation *against PBBG. See, e.g.*, *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates

as a final adjudication on the merits and has a *res judicata* effect."). It does not follow, however, that the dismissal of the claim against PBBG has a preclusive effect as to the claim *against Seabaugh*.

The doctrine of claim preclusion or *res judicata* "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990). Four requirements must be met before issue preclusion applies:

> (1) the precise issue must have been *raised and actually litigated* in the prior proceedings; (2) the determination of the issue must have been *necessary to the outcome of the prior proceedings*; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (citation omitted) (emphasis added).

In this case, Seabaugh seeks to use the dismissal of the claim against PBBG to preclude litigation of his own liability, but he has not shown that the dismissal of the claim against PBBG was "raised and actually litigated" or that resolution of the issue (whether PBBG engaged in direct copyright infringement) was "necessary to the outcome." Rather, there are many reasons for stipulations of dismissal of potentially meritorious claims, among them settlement and, alternatively, a determination that the defendant is judgment-proof. If every Rule 41 stipulation of dismissal had a preclusive effect on remaining defendants against whom vicarious liability is sought, such claims would be unlikely ever to settle or to be dismissed.

The defendant has not established that he is entitled to judgment on the pleadings.

## IV.    CONCLUSION

For the reasons set forth herein, the court will deny the defendant's motion. An appropriate

Order is filed herewith.

ALETA A. TRAUGER
United States District Judge